IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| NICOLE R.,[1] | : | Case No. 3:20-cv-00192 |
| | : | |
| Plaintiff, | : | Magistrate Judge Caroline H. Gentry |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ORDER**

**I.      INTRODUCTION**

Plaintiff filed an application for Disability Insurance Benefits in April 2017. Plaintiff's claim was denied initially and upon reconsideration. After a hearing at Plaintiff's request, the Administrative Law Judge (ALJ) concluded that Plaintiff was not eligible for benefits because she was not under a "disability" as defined in the Social Security Act. The Appeals Council denied Plaintiff's request for review. Plaintiff subsequently filed this action.

Plaintiff seeks an order remanding this matter to the Commissioner for the award of benefits or, in the alternative, for further proceedings. The Commissioner asks the Court to affirm the non-disability decision. This matter is before the Court on Plaintiff's

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

Statement of Errors (Doc. 11), the Commissioner's Memorandum in Opposition (Doc. 14), Plaintiff's Reply (Doc. 15), and the administrative record (Doc. 8).

## II. BACKGROUND

Plaintiff asserts that she has been under a disability since February 19, 2016. She met the insured status requirements for Title II disability benefits purposes through June 30, 2016. She was thirty-one years old on the alleged disability onset date and as of the date last insured. Accordingly, Plaintiff was considered a "younger person" under Social Security Regulations. *See* 20 C.F.R. § 404.1563(c). Plaintiff has a "high school education and above." *See* 20 C.F.R. § 404.1564(b)(4).

The evidence in the administrative record is summarized in the ALJ's decision (Doc. 8-2, PageID 41-59), Plaintiff's Statement of Errors (Doc. 11), the Commissioner's Memorandum in Opposition (Doc. 14), and Plaintiff's Reply (Doc. 15). Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

## III. STANDARD OF REVIEW

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 402, 423(a)(1), 1382(a). The term "disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a).

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Id*.

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted).

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651

3

(6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

## IV. THE ALJ'S DECISION

The ALJ was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. The ALJ made the following findings of fact:

Step 1: Plaintiff did not engage in substantial gainful activity from the alleged onset date of February 19, 2016, to the date last insured of June 30, 2016.

Step 2: Through the date last insured, she had the severe impairments of obesity, spinal disorder (degenerative disc disease), depressive disorder, and anxiety disorder with elements of post-traumatic stress disorder.

Step 3: She did not have an impairment or combination of impairments that met or equaled the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: Her residual functional capacity (RFC), or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consisted of light work as defined in 20 C.F.R. § 404.1567(b), subject to the following limitations: "(1) no more than occasional crouching, crawling, stooping, or kneeling; (2) no more than occasional balancing; (3) no more than occasional climbing of ramps or stairs; (4) no climbing of ladders, ropes, or scaffolds; (5) no work around hazards such as unprotected heights or

>dangerous machinery; (6) limited to performing unskilled, simple, repetitive tasks; (7) no more than occasional superficial contact with co-workers and supervisors (with 'superficial' contact defined as retaining the ability to receive simple instructions, ask simple questions, and receive performance appraisals but lacking the ability to engage in more complex social interactions such as persuading other people or resolving interpersonal conflicts); (8) no public contact; (9) no fast-paced production work or jobs involving strict production quotas; (10) limited to performing jobs that involve very little, if any, change in duties or work routine from one day to the next."
>
>She was unable to perform any of her past relevant work.

> Step 5: Considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that she could perform.

(Doc. 8-2, PageID 45-59.) These findings led the ALJ to conclude that Plaintiff did not meet the definition of disability prior to the date last insured and so was not entitled to benefits. (*Id.* at PageID 59.)

## V.   ANALYSIS

Plaintiff alleges that the ALJ reversibly erred "in evaluating the treating therapist opinions and the medical record." (Doc. 11, PageID 2141.) Specifically, Plaintiff challenges the ALJ's analysis of the opinions of therapist Paul Quatman, M.S., L.P.C and chiropractor Gregory Booher, D.C. (*Id.* at PageID 2141-43.) Plaintiff also contends that the ALJ failed to discuss two lumbar spine MRI reports. (*Id.* at PageID 2143-44.) Finding error in the ALJ's analysis of Dr. Booher's opinion, the Court does not address Plaintiff's other alleged error and, instead, instructs the ALJ to address all of them on remand.

5

### A. Applicable Law

Social Security regulations require ALJs to adhere to certain standards when evaluating medical opinions. Because Plaintiff filed her claim in February 2019, the Social Security Administration's new regulations for evaluating medical opinion evidence applied. These regulations define a "medical opinion" as a "statement from a medical source about what [an individual] can still do despite [his or her] impairment(s)" and whether the individual has one or more impairment-related limitations or restrictions. 20 C.F.R. § 404.1513(a)(2). Under these regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s) . . . ." 20 C.F.R. § 404.1520c(a). Instead, the ALJ must evaluate the persuasiveness of each medical opinion and prior administrative medical finding by considering the following factors: (1) supportability; (2) consistency; (3) relationship with the plaintiff; (4) specialization; and (5) any other factor "that tend[s] to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. § 404.1520c(c).

Because the first two factors – supportability and consistency – are the "most important" ones, the ALJ "*will* explain" how he or she considered them. 20 C.F.R. § 404.1520c(b)(2) (emphasis added).[2] As to the first factor (supportability), "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the

---

[2] By contrast, the ALJ "may, but [is] not required to," explain the consideration given to the remaining factors. 20 C.F.R. § 404.1520c(b)(2).

medical opinions . . . will be." 20 C.F.R. § 404.1520c(c)(1). As to the second factor (consistency), "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. § 404.1520c(c)(2).

### B. Gregory Booher, D.C.

Dr. Booher completed a Medical Update Form in July 2009. (Doc. 8-7, PageID 310.) Dr. Booher opined that Plaintiff could "not do her current job as it is." (*Id.*) He explained that Plaintiff could not bend or rotate "without increased [low back pain]." (*Id.*) Dr. Booher also opined that Plaintiff could do a "sitting job." (*Id.*)

The ALJ concluded that Dr. Booher's opinion was "not persuasive." (Doc. 8-2, PageID 53.) The ALJ explained:

> Chiropractors are not included among the acceptable sources of medical evidence defined in the regulations (20 CFR 404.1502 and 416.902). Secondly, the statement has no relevance to the period of time at issue - it was made more than five years prior to the alleged disability onset date of February 19, 2016. Thirdly, the statement is not compelling because of its non-specificity; it fails to indicate why the claimant cannot perform her current job (or even what that job entailed) nor does it indicate the duration of any limitations or even what limitations the claimant had, at that time, that would have limited her to doing a "sitting" job (whatever the medical source meant be [sic] that designation).

(*Id.*)

### i. Failure to Comply with Applicable Regulations

The ALJ's assessment of Dr. Booher's opinion does not comply with the applicable regulations. The ALJ was required to explain his analysis of the supportability and consistency factors when considering the persuasiveness of **all** of the medical

7

opinions and prior administrative medical findings. 20 C.F.R. § 404.1520c(b)(2), (c)(1), and (c)(2) (emphasis added). The ALJ did not consider Dr. Booher's opinion in the context of other evidence in the record, as is required to evaluate its consistency. Instead, the ALJ rejected Dr. Booher's opinion because he is not an "acceptable medical source," because of the temporal remoteness of the opinion, and because it is "non-specific[]." (Doc. 8-2, PageID 53.) None of these reasons go to the issue of whether Dr. Booher's opinion is consistent with other evidence in the record. The ALJ's failure to analyze the consistency of Dr. Booher's opinion, as required by the applicable regulations, constitutes an error of law that warrants reversal.

  The ALJ also erred by basing his decision to deny benefits upon the fact that Dr. Booher, a chiropractor, is not an "acceptable sourc[e] of medical evidence." (Doc. 8-2, PageID 53.) Although chiropractors are excluded from the list of medical sources who meet the definition of an "acceptable medical source," Dr. Booher is a "medical source" under 20 C.F.R. § 404.1502(a), (d). The new regulations for evaluating medical opinion evidence require the ALJ to analyze the persuasiveness of "*all* of the medical opinions" in the record, not just opinions from acceptable medical sources. 20 C.F.R. § 404.1520c (emphasis added). Dr. Booher's status as a "medical source," rather than an "acceptable medical source," does not provide a basis for finding his opinion unpersuasive.

  Defendant relies on *Noto v. Comm'r of Soc. Sec.*, 632 F. App'x 243, 248-49 (6th Cir. 2015) to argue that the ALJ was permitted to reject Dr. Booher's opinion because he is not an acceptable medical source. (Doc. 14, PageID 2167.) But the Sixth Circuit issued *Noto* under the old regulations for the consideration of medical opinion evidence. 632 F.

App'x at 248. The new regulations that apply here do not give any particular weight or deference to any particular medical source. 20 C.F.R. S. 404.1520c. Instead, as discussed above, the ALJ must evaluate the persuasiveness of *all* medical opinions and address the supportability and consistency of each one. *Id.* For this reason, too, the ALJ erred as a matter of law and his decision should be reversed.

    ii.    <u>Lack of Substantial Evidence</u>

The ALJ rejected Dr. Booher's opinion as "non-specific" because Dr. Booher failed to "indicate the duration of any limitations or even what limitations [Plaintiff] had . . . that would have limited her to doing a 'sitting' job." (Doc. 8-2, PageID 53.) This finding is not supported by substantial evidence in the record. In fact, Dr. Booher stated that Plaintiff experienced "constant [low back pain]," especially on the right from L3 to the sacroiliac joint. (Doc. 8-7, PageID 310.) Further, although Dr. Booher acknowledged that Plaintiff experienced "no lower extremity neuro[logical] [symptoms]," he stated that Plaintiff was "ok[ay]" only if she did not perform any rotation or extension. (*Id.*) Dr. Booher also noted that Plaintiff experienced pain upon straight leg raising and with extension and flexion of the spine. (*Id.*) These statements "indicate . . . what limitations [Plaintiff] had . . . that would have limited her to doing a 'sitting' job," contrary to the ALJ's final reason for rejecting Dr. Booher's opinion. (Doc. 8-2, PageID 53).

**VI. REMAND**

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial

9

right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding that the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under Sentence Four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under Sentence Four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.,* 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in this case because the evidence of disability is neither overwhelming nor strong while contrary evidence is lacking. *Faucher*, 17 F.3d at 176. Instead, Plaintiff is entitled to an Order remanding this case to the Social Security Administration pursuant to Sentence Four of Section 405(g) for the reasons stated above. On remand, the ALJ should evaluate the evidence of record under the applicable legal criteria mandated by the Commissioner's regulations and rulings and governing case law. The ALJ should evaluate Plaintiff's disability claim under the

required five-step sequential analysis to determine whether she was under a disability and whether her application for Disability Insurance Benefits should be granted.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. 11) is GRANTED;

2. The Court REVERSES the Commissioner's non-disability determination;

3. No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter is REMANDED to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Order; and

5. This case is terminated on the Court's docket.

      */s/ Caroline H. Gentry*
      Caroline H. Gentry
      United States Magistrate Judge